UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LUCY G SIKES** | **CASE NO. 2:25-CV-00964** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PRIME INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING AND ORDER

This matter is an appeal by Lucy G. Sikes, Chapter 7 Trustee of the Debtor Elvis Thompson ("Trustee") estate regarding the Bankruptcy Court's Ruling that dismissed the Trustee's claims for bad faith against Defendant Prime Insurance Holdings Services, Inc., and Prime Insurance Company ("Prime").

Prime filed a "Motion to Dismiss Adversary Proceeding Motion, or Alternatively to Abstain from Adjudicating or to Sever Count 3."[1] In granting the Motion, the bankruptcy court ruled that Thompson was not an "insured" because he was not in privity of the insurance policy, and thus had no standing to assert a bad faith claim under Louisiana Revised Statute 22:1973.[2] The Trustee moves to reverse the Bankruptcy court's ruling and find that Thompson, a permissive driver has a right to assert a bad faith claim pursuant to Louisiana Revised Statute 22:1973.

---

[1] Doc.11-2.
[2] Doc. 13-1.

## BACKGROUND

The instant matter is a companion case to *Sikes v. Prime Holdings Insurance Services, et al.*, Civil action No. 25-1124 ("Sikes II" ).[3] The underlying event arose from a 2017 accident, in which, Elvis Thompson, an unscheduled driver, but a permissive driver who was operating a 1996 Peterbilt on behalf of Terry Graham Trucking, Inc. ("TGTI"). Thompson caused a multi-vehicle accident that resulted in multiple individual claims of injuries. Several lawsuits were filed by various Plaintiffs that subsequently led to jury verdicts and/or judgments that vastly exceeded the insured's policy limits.

TGTI is one debtor in bankruptcy and Elvis Thompson is a different bankrupt debtor. Prime issued the relevant insurance policy to TGTI.

The Trustee initiated an Adversary Proceeding[4] against Prime claiming damages based on tort, breach of contract and statutory duties of insurers and fiduciaries, multiple state law claims with respect to coverage, policy enforcement and financial dealing related to the Debtor and the bankruptcy estate. In both bankruptcy proceedings, the Trustee seeks to avoid releases pursuant to 11 U.S.C. § § 554(b) and 548 and pursue claims against Prime for an alleged breach of duty to make reasonable efforts to settle claims.[5]

The bankruptcy court concluded that Thompson had no standing to sue Prime for bad faith under Louisiana Revised Statute 22:1973 because he was not the "named insured" on the policy, despite being covered as an omnibus insured under Louisiana law. Louisiana Revised Statute 32:900 provides that all liability policies must provide coverage for the

---

[3] This action will be referred to as "Sikes I".
[4] No. 25-2005.
[5] Complaint, Doc. 10, R. # 377 and #382.

named insured and anyone operating the insured vehicle "with the express or implied permission of the named insured...." This statutory "omnibus" clause supersedes conflicting insurance policy provisions. *Green v. Bailey*, 698 So.2d 715 (La.App. 2 Cir. 8/20/97).

The Trustee complains that Prime failed to keep TGTI or Thompson apprised of his exposure, failed to preserve policy rights and defenses, failed to make a good faith effort to timely settle the lawsuits filed against Thompson and extricate the insured, from what was substantially certain to be excess judgments exposing both TGTI and Thompson to personal liability.[6]

The Trustee also asserts that Prime paid Thompson $1,000 in cash to sign a release of his bad faith claims against Prime, despite that claim being potentially much more valuable.[7] Additionally, a Prime defense lawyer in one of the injured victim's cases, hired a private investigator who located Thompson. Thompson signed the release without the knowledge or advice of his own Prime defense attorney.[8] Ultimately, the Trustee seeks to unwind the $1,000 transaction between Thompson and Prime and revive that claim. The Trustee also complains that Prime paid the owner of TGTI, Terry Graham $75,000 to release its bad faith claim.

## ANALYSIS

The Trustee's Complaint is premised upon Prime's breach of the duty set forth in Louisiana Revised Statute § 22:1973(A). The Trustee maintains that the bankruptcy ruling

---

[6] Doc. 10, ¶ ¶ 15, 17.
[7] *Id.* ¶ 45.
[8] The Court finds this to be a clear conflict by the Prime defense lawyer.

incorrectly held that an insurer's duties do not extend to Thompson because he was not an insured as defined by Louisiana Revised Statute 22:1962(B). The Trustee argues that both Prime's defense and the bankruptcy court's ruling create an absurd interpretation of Louisiana Revised Statute 22:1962(B) that Louisiana law forbids.

Louisiana Revised Statute 22:1973 provides the following relevant provision:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle clams with the insured or the claimant, or both. An insurer who breaches theses duties shall be liable for any damages sustained as a result of the breach.[9]

The Trustee remarks that Louisiana's Omnibus Insured Law, Louisiana Revised Statute 32:900(B)(2), mandates that every Motor Vehicle Liability Policy in Louisiana covers permissive users "as insureds." Prime remarks that Louisiana Revised Statute 22:1962(B), for purposes of § 1973 defines "insured" to mean "the party named on a policy or certificate as the individual with legal rights to the benefits provided by such policy." Both parties agree that Thompson was not a "named insured" under the policy. The Bankruptcy judge concluded that only a named insured under the policy may bring a bad faith claim against the insurer.[10]

Legislation is a solemn expression of legislative will. *Fontenot v. Reddel Vidrine Water Dist.,* 836 So.2d 14, 20 (La. 2003). The Louisiana Supreme Court has held that "the text of the law is the best evidence of legislative intent." *Kelly v. State Farm Fire &*

---

[9] La. R. S. 22:1973 was repealed effective June 30, 2024.
[10] Doc. 2-1, pp. 144-

Page **4** of **11**

*Casualty Co.*, 169 So.3d 328, 335 (La. 2015). The starting point in the interpretation of any statute is the language of the statute itself. *Theriot v. Midland Risk Ins. Co.,* 694 So.2d 184, 186 (La. 1997). Sections 1962 and 1973 are penal in nature and, therefore, must be strictly construed. See *Theriot, supra.* "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation in search of the intent of the legislature." *New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans,* 653 So.2d 538, 544 (La. 1995); Louisiana Civil Code article 9.

    The Trustee challenges the bankruptcy court's failure to apply Louisiana's civilian statutory construction. Specifically, the Trustee contends that the bankruptcy court did not perform the threshold inquiry grounded in Louisiana Civil Code article 9 or consider the absurd consequences of its interpretation of Louisiana Revised statute 22:1962(B). Thus, in doing so, the bankruptcy court ruling strips permissive driers of any protection from predatory practices of insurance companies, thus immunizing them from the regulatory reach of the Louisiana Insurance Commissioner. The Trustee draws upon Louisiana Revised 22:1964(14)(g), which defines unfair claims settlements practices as unfair and deceptive. In other words, by limiting the definition of "insured" to "named insured," in then policy, the bankruptcy court ruling removes omnibus and additional insureds from the scope of the statute's protections and immunizes the insurance companies from the Commissioner's regulatory power.

    Of significance, the Trustee points out that the Louisiana Supreme Courts does not hesitate to change words of a statute when those words lead to absurd results. *Gremillion*

*v. Louisiana Pub. Serv. Comm'n,* 186 La. 295, 301; 172 So. 163, 165 (1937) ("Applying these general rules, in order to give effect to the legislative intent, courts have often found it necessary to give to words the meaning which the legislators intended rather than their literal meaning."). "Our civilian mandate prohibits us from interpreting a statute in a manner that would lead to absurd results." *Kelly,* 169 So.3d at 338 (La. 5/15/15). Likewise, the Fifth Circuit does not "lightly embrace interpretations of legal texts that result in 'absurd consequences,' ... or "create[ ] a massive loophole. *Bruckner Truck Sales, Inc. v. Guzman,* 148 F.4th 341, 345 (5th Cir.2025) (quoting *County of Maui v. Hawaii Wildlife Fund*, 590 U.S. 165, 179, 140 S.Ct. 1462, 206 L.Ed.2d 640 (2020).

Prime relies on *Theriot, supra,* as to its position that Louisiana and federal courts have held that only an "insured" may state a claim for breach of a generalized duty of good faith and fair dealing, which is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer. The *Theriot* court further noted that the relationship between the insurer and the third-party claimant are inherently adversary. 694 So.2d at 187. The *Theriot* court also states that "a cause of action directly in favor of a third-party claimant against a tort-feasor's insurer is not generally recognized absent statutory creation." *Id.* at 193. The Louisiana Supreme Court held, after granting a request for rehearing, that the statute imposing good faith duty on insurers creates right of action directly in favor of third-party claimants, but only as those specific acts enumerated by statute. *Id.*

The *Theriot* suit involved an injured Plaintiff, the third-party claimant, who was suing two tort-feasors. Both tort-feasors allegedly failed to make good faith efforts to settle

Page **6** of **11**

Plaintiff's claims due to their own blame-game. Here, Thompson is not the Plaintiff, but a permissive driver, and by operation of law, an insured, whose interests at the outset of the lawsuit were not adversarial as to Prime but were being defended by Prime. Thus, *Theriot* is distinguishable.

Prime also relies on *Team Contractors, LLC v. Waypoint NOLA, LLC*, 780 Fed. Appx. 132 (5th Cir. 2019), but that case did not involve a permissive driver that by operation of law is considered an insured.

The Trustee relies on *Kelly* wherein the Court explained that it would be "absurd and inequitable" to deny an insured a statutory cause of action (such as § 22:1973), while leaving the insured with only a jurisprudential remedy. The Trustee argues that to interpret the statute to exclude omnibus insureds would violate Louisiana's civilian mandate against interpretations that lead to absurd results.

The Trustee argues that 22:1962(B) should have been interpreted more broadly to include and identify permissive drivers as a class as having legal rights. In doing so, the statute is interpreted as "having the meaning that best conforms to the purpose of the law and fulfills the purpose of the statute—to regulate insurer's conduct and protect all persons legally entitled to benefits. Louisiana Civil Code article 10.

In *Pareti v. Sentry Indem. Co.*, the court explained that the insurance company is to afford protections to insureds from insurance companies that circumvent the duty to defend, and/or make an early escape from litigation by entering into inappropriate settlements. Thus, the insurance company is held to a high fiduciary duty to discharge its policy obligations to its insureds in good faith. 536 So.2d 417, 423 (La. 1988). See also

*Bernard v. Ellis,* wherein the Supreme Court has recognized that guest passengers are permissive users under Louisiana Revised Statute 32:900(B) and entitled to uninsured motorist coverage even though they are not named in the policy as a named insured. 111 So.3d 995, 1000-02 (La.2012).

The Trustee also relies on *Sensebe v. Canal Indemnity Company*, 58 So.3d 441 (La. 2011), wherein the Louisiana Supreme Court held that the mandatory omnibus coverage law creates a contractual relationship between insurer and omnibus insureds by operation of law. Prime argues that *Sensebe* only dealt with the issue of insurance coverage for an accident occurring during a permissive driver's use of the vehicle. In other words, even though a permissive driver such as Thompson would be covered under the Prime policy, that did not obligate Prime to have a duty of good faith and fair dealing with Thompson. Prime also remarks that it was Thompson who caused the accident but was not injured and therefore has no claim for injuries or property damage. Consequently, Prime posits that Thompson does not have a bad faith claim pursuant to § 22:1973, and the Bankruptcy's ruling should be affirmed.

Prime suggests that there is no Louisiana court that has held that a permissive driver has a legally recognizable bad faith claim. The Trustee disagrees and cites *Reichert v. Cont'l Ins. Co.*, 290 So.2d 730 (La. Ct. App. 1974), *writ denied,* 294 So.2d 545 (1974), wherein the First Circuit awarded an omnibus insured attorney fees and penalties after his insurer breached its duty of good faith and fair dealing when it failed to appeal an adverse judgment taken against him.

Next, the Trustee cites *Saavedra v. Murphy Oil U.S.A.*, 930 F.2d 1104, 1111 (5th Cir. 1991), where the Fifth Circuit held that Murphy Oil, an additional insured under an insurance policy was owed a duty of good faith and fair dealing under Louisiana Revised Statute 22:658 (now 22:1892) concerning the insurer's denial to furnish a defense.[11] See also *Guidry v. USAgencies Cas. Ins. Co. Inc.*, 294 So.3d 13, 20-21, (La.App. 1 Cir. 1227/19) *writ denied*, 295 So.3d 943 (La. 5/1/20) (Plaintiffs sued employer's uninsured/underinsured motorist insurer and asserted a bad faith in handling the claim); *Carbon v. Allstate Ins. Co.*, 701 So.2d 462, 474 (La.App. 1 Cir. 9/23/97), *writ granted*, 716 So.2d 365 (La. 3/27/98), *and rev'd*, 719 So.2d 437 (La. 10/20/98)[12] (Plaintiff, daughter, was a resident relative for purposes of UM coverage under father's policy; insurer was arbitrary and capricious in its handling and denial of the daughter's claim under Louisiana Revised Statute 22:658(A)(1)); *Wyble v. Allstate Ins. Co.*, 581 So.2d 325 (La.Ct. App. 1991) (Plaintiff, a guest passenger, filed suit against driver's UM carrier that included penalties and attorney fees pursuant to Louisiana Revised Statute 22:658). The Trustee notes that in all of these cases, the insureds were owed a duty of good faith and fair dealing by the insurer, despite not being in privity of contract with the insurer.

The Trustee's underlying claim against Prime for bad faith was Prime's alleged underhanded tactic of enticing Thompson to sign a release of a potential valuable bad faith claim against Prime, for a mere $1,000. Here, one could infer that Prime believed that a

---

[11] Despite being owed a duty of fair dealing, the court ultimately concluded that the insurer's denial was not "arbitrary or capricious."

[12] The matter was reversed and remanded for a new trial to determine if the daughter met the definition of a "resident" and entitled to recover under the policy.

Page **9** of **11**

permissive driver had a right of action for bad faith due to a breach of its fiduciary duty. Why else would Prime go to such lengths to locate and attempt to settle the claim with Thompson? The interpretation by the bankruptcy court to exclude third-party claimants from being able to assert a bad faith claim against the insurer would allow insurance companies to act with impunity concerning the insureds that were permissive drivers under Louisiana's Motor Vehicle Liability Policy. This is exactly what happened here regarding Thompson.

Prime took advantage of the fact that Thompson was uneducated and had him sign a release he allegedly did not understand or comprehend the value of the claim he was giving up in exchange for $1,000.  Prime's actions exposed Thompson to personal money judgments due to the various judgments that exceeded the policy limits.[13]

The Court agrees that the bankruptcy court's ruling leads to absurd results by allowing insurance companies to be unregulated as to certain classes of insureds. The Court finds that guest passengers, permissive drivers, residents of a household, employees, and others covered by the mandatory omnibus coverage law creates a contractual relationship by operation of law, and are insureds and entitled to bring an action under the bad faith statutes (Louisiana Revised Statute 22:1973 and earlier versions).

---

[13] Prime informs the Court that the policy contemplated that the LMVSR might require Prime to cover accidents caused by permissive drivers.  Therefore, the policy provided that when this occurred the policy limit was reduced to $300,000, the statutory minimum limit of liability.

## CONCLUSION

For the reasons explained herein, the Court finds that Thompson, a permissive driver, is an insured under the relevant policy and has the right to assert a bad faith claim against Prime. Accordingly,

**IT IS ORDERED** that the Trustee's appeal of the bankruptcy court's Ruling on Motion to Dismiss and Order[14] that dismissed the Trustee's claims for bad faith against Defendant Prime Insurance Holdings Services, Inc., and Prime Insurance Company ("Prime") is **GRANTED** and the Ruling on Motion to Dismiss and Order is **REVERSED**.

**THUS DONE AND SIGNED** in chambers on this 23rd day of October, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[14] Doc. 1, p. 5.